IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ELIGAH DARNELL, JR.,** § | |
| **Tarrant County Jail No. 0279245,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00871-O-BP |
| § | |
| **R. SABO and** § | |
| **DETECTIVE BICE,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eligah Darnell, Jr. ("Darnell"), detained on state criminal charges in the Tarrant County Jail, filed this case in the 67th Judicial District Court of Tarrant County. ECF No. 1-5. In his original petition, he sought injunctive relief against the defendants R. Sabo ("Sabo") and Detective Bice for allegedly violating his civil rights under the Due Process Clause of the 14th Amendment to the United States Constitution through unlawful policies or customs. *Id.* Defendants removed the case to this Court. ECF No. 1. The case was automatically referred to the undersigned pursuant to Special Order 3 on October 15, 2019. ECF No. 3.

Now pending before the Court is Darnell's Second Amended Complaint, ECF No. 22 at 6-20, in which he seeks injunctive and declaratory relief due to the allegedly unlawful policies and customs that violated his rights under the 14th Amendment to the Constitution and damages in the amount of $375,000 in damages for his alleged false arrest and detention in violation of the 4th Amendment. Also pending is Defendants' Amended Motion to Dismiss, ECF No. 7, in which Defendants seek dismissal or a stay of this case pending conclusion of Darnell's state criminal case. The Court construes the Defendants' Amended Motion as applying to Darnell's Second

Amended Complaint. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Amended Motion to Dismiss, ECF No. 7, in part, **STAY** this case on *Younger* abstention grounds and under *Mackey v. Dickson* pending conclusion of Darnell's pending state criminal case, and order that this case be **ADMINISTRATIVELY CLOSED**.

I.   BACKGROUND

The Appendix to Darnell's Second Amended Complaint reflects that Sabo executed an affidavit in support of an application for arrest warrant before the Honorable Sergio L. De Leon, Justice of the Peace of Precinct Number 5 of Tarrant County, on December 6, 2018. ECF No. 22 at 17-21. In that affidavit, Sabo alleged that Darnell had committed the offense of Sex Offender Duty to Register-Life/Annual Prior Conviction 36990009. *Id.* Justice DeLeon issued an arrest warrant for Darnell on that same day, which was returned executed on December 18, 2018. *Id.* at 22.

Darnell acknowledged in his Second Amended Complaint that he was incarcerated in the Tarrant County Jail. *Id.* at 15. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the website for the Tarrant County Sheriff's Office Detention Bureau Inmate Search records. The Court notes that Darnell remains in custody following his arrest on December 18, 2018 by the Fort Worth Police Department on the charge of violation a sex offender's duty to register and by the Texas Board of Pardons and Parole for a parole violation. *See* https://inmatesearch.tarrantcounty.com Home/Details?CID= 0279245 (last visited June 1, 2020).

Darnell alleges that Sabo's affidavit does not establish probable cause and that Justice DeLeon's reliance on the affidavit was improper. *Id.* at 8. He denies that he violated the law as alleged in the affidavit. *Id.* He asserts that he was falsely arrested and detained without a reliable

determination of probable cause and has been damaged in the amount of $375,000 in actual and punitive damages. *Id.* at 10. He also seeks injunctive and declaratory relief for alleged violations of his procedural and substantive due process rights arising from the Fort Worth Police Department's policies and practices regarding sex offender registration. *Id.* at 10-12. Defendants seek dismissal because Darnell has failed to state a claim upon relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 7 at 2-3. They also seek dismissal or a stay of the case under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), because Darnell's claims arise from a pending state court criminal proceeding.

## II.   ANALYSIS

### A.   The Court should abstain from considering Darnell's claims for injunctive and declaratory relief under *Younger v. Harris*.

Federal courts generally are obliged to decide cases that fall within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971), courts have recognized "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (2013)) (internal quotation marks omitted).

Here, the first exceptional circumstance applies. Federal courts consistently have abstained from ruling on cases that involve ongoing state criminal prosecutions except in the most unusual

3

cases and only after there has been a showing of great and immediate harm. *See Burgett v. State of Texas,* No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger,* 401 U.S. at 43-45; *see also Burton v. Procter & Gamble Co.*, No. 3:17-cv-1190-B-BN, 2018 WL 1115138 (N.D. Tex. Jan. 30, 2018) (noting *Younger*'s application to ongoing state proceedings to determine competency), *rec. accepted*, 2018 WL 1115363 (N.D. Tex. Feb. 27, 2018). Concerns of comity and federalism underly the strong policy requiring federal courts to not issue injunctive and declaratory relief concerning an ongoing state court proceeding. *See Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims while his state criminal proceeding is still pending, when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)).

Here, the Court should abstain because all three conditions are met. First, Darnell's state criminal proceeding is still pending. Second, the State of Texas has a strong interest in enforcing its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("under *Younger* … a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). Finally, Darnell has an adequate opportunity to challenge the constitutionality of his ongoing state criminal prosecution in that proceeding, on appeal if he is convicted, and through an application for a writ of habeas corpus in the state court system that challenges his detention or conviction. *See Pennzoil Co. v.*

*Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates v. Strain*, 885 F.3d at 874, 880 (5th Cir. 2018) ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425; emphasis in original)).

Darnell has alleged that the *Younger* abstention is inappropriate because "the pre-trial appellate window is effectively closed to Plaintiff due to ineffective procedures." ECF No. 16 at 3. In support of this argument, he cites *O'Donnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Medina v. California*, 505 U.S. 437 (1992); and *Mathews v. Eldridge*, 424 U.S. 319 (1976). None of these cases are applicable to Darnell's claims here.

In *O'Donnell*, the Fifth Circuit found that abstention under *Younger* was inappropriate because the plaintiff had no effective means to challenge Harris County's cash bail system in his underlying criminal case. Unlike the plaintiff there, Darnell can challenge the criminal charges of which he complains, and the policies and procedures that led to his arrest on those charges, in his defense against those charges in the state court case. For the same reason, *Gerstein* is inapplicable because the issue there was whether the plaintiff was entitled to a determination of probable cause prior to detention, an issue that "could not be raised in defense of the criminal prosecution." 420 U.S. at 108 n.9. Darnell's challenges to the facts of the case against him and the alleged improper policies and procedures are at the heart of his defense in the underlying state court case. *Medina*

is no support for Darnell because the Court did not discuss *Younger* abstention in that case. Nor was *Younger* an issue in *Mathews*, a due process challenge to the administrative procedures provided for Social Security disability determinations. Accordingly, Darnell has presented no legal reasons why *Younger* abstention is not warranted in this case.

The Court may decline to abstain, even if all *Younger* requirements are met, if an exception applies. However, none of the three limited exceptions to the application of *Younger* abstention apply. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (bad faith or harassment; flagrantly unconstitutional statute; or application of abstention doctrine waived). On the facts presented here, and because Darnell has not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining his claims under *Younger*. *Gates*, 885 F.3d at 880-82 (district court properly applied *Younger* in staying Section 1983 suit for excessive force and bad-faith prosecution). Under these circumstances, the better course for the Court to follow is to stay the case instead of dismissing it. *See Davis v. Garcia*, No. 3:20-cv-935-N-BN (N.D. Tex. Apr. 20, 2020).

### B. The Court should stay Darnell's damage claims until his underlying criminal case has concluded.

"[T]he *Younger* abstention doctrine is not applicable to claims for damages." *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994). However, "a court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam). As the Fifth Circuit noted in *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995), in the period between arrest and trial on the underlying state criminal charges, it is premature for the district court to determine whether *Heck v. Humphrey* bars a plaintiff's claim for damages under § 1983. *See id.* "The court may—indeed

6

should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Id.* More recently, the court confirmed that "district courts should stay § 1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course." *Gates*, 885 F.3d at 883. Thus, the Court should stay Darnell's claim for damages until his underlying state criminal case concludes.

### III. CONCLUSION AND RECOMMENDATION

In the interests of comity and federalism arising from the ongoing state criminal prosecution of Darnell, the Court should abstain and stay his claims for injunctive and declaratory relief under the *Younger* doctrine and stay his claims for damages under *Mackey v. Dickson*. For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Amended Motion to Dismiss, ECF No. 7, in part, **STAY** this case on *Younger* abstention grounds and under *Mackey v. Dickson* pending conclusion of Darnell's pending state criminal case, and order that this case be **ADMINISTRATIVELY CLOSED**.

Plaintiff should be **CAUTIONED** that (1) he must file a motion to reopen this case within sixty (60) days after entry of judgment in the underlying state criminal case and (2) that his failure to do so may result in the dismissal of this case for failure to prosecute and for failure to comply with court orders under Federal Rule of Civil Procedure 41(b).

Because this case is to be **ADMINISTRATIVELY CLOSED**, the Clerk should be instructed to submit Form JS-6 to the Administrative Office of the United States Courts to remove the case from the statistical records.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 1, 2020.

                                                                Hal R. Ray, Jr.
                                                                UNITED STATES MAGISTRATE JUDGE