IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL, JR., § | | |
| (TDCJ No. 01695278), § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | Civil Action No. 4:19-cv-871-O |
| § | | |
| R. SABO, *et al.*, § | | |
| § | | |
| Defendants. § | | |

### OPINION and ORDER GRANTING MOTION TO DISMISS

Defendants R. Sabo and Detective Bice (collectively "Defendants") filed a motion to dismiss Plaintiff's civil-rights claims under Federal Rule of Civil Procedure 12(b)(6) with incorporated brief. Mot., ECF No. 42. Plaintiff Eligah Darnell, Jr. ("Darnell") has not filed any response. After considering the relief sought by Darnell, the record, the briefing and the applicable law, the Court **GRANTS** Defendants' motion and dismisses Darnell's claims.

I.    **BACKGROUND**

    A.     **Plaintiff's Operative Pleadings**

Darnell, then a state pre-trial detainee, filed this civil action in in the 67th District Court, Tarrant County, Texas. On October 14, 2019, Defendants removed the case to this Court. Notice of Removal, ECF No. 1; Original Petition, ECF No. 1-5. In the original petition, Darnell sought injunctive relief against Defendants R. Sabo ("Sabo") and Detective Bice ("Bice") for allegedly violating his civil rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution through unlawful policies or customs. *Id.* The case was automatically referred to a magistrate judge pursuant to Special Order 3. Order, ECF No. 3. On October 29, 2019, Defendants then filed an amended motion to dismiss or stay the case pending resolution of

the then pending criminal charges. Am. Mot., ECF No. 7.

On June 1, 2020, the magistrate judge granted Darnell's motion for leave to file a second amended complaint, such that the second amended complaint attached to the motion for leave would be considered by the Court. Order 1-4, ECF No. 24; Sec. Am. Compl. 6-21, ECF No. 22. In that same order, because Darnell incorporated by reference within the second amend complaint a separately filed first amended complaint (ECF No. 12), the magistrate judge also granted Darnell's separate motion for leave to file a first amended complaint. Order 4, ECF No. 24; First Am. Compl., ECF No. 12. Thus, the operative pleadings include both Plaintiff's first and second amended complaints.

On June 23, 2020, the Court adopted the magistrate judge's recommendation to administratively close the case under the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine and under Fifth Circuit precedent that the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine should not apply to review of claims challenging a pending criminal case. Order, ECF No. 27; *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("At this point [–post arrest but pre-conviction–] it is simply premature to determine whether or not Mackey's damages claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994)]. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*."); *see also Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) ("a court should stay proceedings in a § 1983 case brought by a [criminal defendant awaiting trial] until after the related pending criminal case is resolved."). Thus, the case was administratively closed from June 23, 2020 until August 8, 2022, when the Court noted that Darnell's underlying state criminal charge was resolved and final. ECF Nos. 25, 27, 33, 41.

B. **Plaintiff Darnell's Claims**

In his first amended complaint, Darnell acknowledges that he was a convicted sex offender subject to reporting requirements. First Am. Compl 1-2, ECF No. 12. And he attached a

2

copy of the related December 6, 2018 warrant for his arrest and the supporting affidavit of Fort Worth Police Department Detective R. Sabo. First Am. Compl. 7-10, ECF No. 12. Sabo's probable cause affidavit provided as follows:

> BEFORE ME, the undersigned authority on this day personally appeared **Detective R. Sabo** #3190, a Police Officer with Fort Worth Police Department, who after being duly sworn on oath deposes and says that he has good reasons to believe and does believe that: on or about the **5th**, day **December, 2018**, in Tarrant County, Texas, **DARNELL, ELIGAH, BLACK MALE, [DOB and SS #], did then and there commit the offense of,** SEX OFFENDER DUTY TO REGISTER-LIFE/ANNUAL PRIOR CONVICTION 36990009 **§ 62.102 (C)CCP -F\***, in that he did THEN AND THERE INTENTIONALLY OR KNOWINGLY FAIL TO REPORT TO THE LOCAL LAW ENFORCEMENT AUTHORITY TO WIT: THE POLICE DEPARTMENT OF THE CITY OF Fort Worth, TEXAS, WITH WHOM DEFENDANT IS REQUIRED TO REGISTER UNDER THE SEX OFFENDER REGISTRATION PROGRAM OF CHAPTER 62 TEXAS CODE OF CRIMINAL PROCEDURE, AFTER DEFENDANT MOVED INTO SAID MUNICIPLAITY AND DEFENDANT FAILED TO PROVIDE SAID LAW ENFORCEMENT AUTHORITY WITH DEFENDANT'S NEW ADDRESS, PROOF OF IDENTITY, OR PROOF OF RESIDENCE NOT LATER THAN SEVEN DAYS AFTER CHANGING HIS ADDRESS TO A LOCATION WITHIN SAID MUNICIPALITY AND DEFENDANT DID HAVE A REPORTABLE CONVICTION OR ADJUDICATION NAMELY, **Indecency with a Child by contact** IN CAUSE NUMBER 0364461 ON THE **29th day of March 1989**, IN Criminal District Court 2 OF **Tarrant** COUNTY, **Texas** AND SAID DEFENDANT'S DUTY TO REGISTER EXPIRES UNDER ARTICLE 62.101(A) OF THE TEXAS CODE OF CRIMINAL PROCEDURE, AND DEFENDANT IS REQUIRED TO REGISTER ONCE EACH YEAR.
>
> AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT ABOVE THE SAID DEFENDANT HAD BEEN CONVICTED **TWICE** OF AN OFFENSE UNDER ARTICLE 62, TEXAS CODE OF CRIMINAL PROCEDURE, TO-WIT: **SEX OFFENDER DUTY TO REGISTER LIFE** IN CAUSE NUMBER **0923995** ON THE **6TH SEPTEMBER 2009**, IN **CRIMINAL DISTRICT COURT 2** OF **TARRANT** COUNTY, TEXAS AND **SEX OFFENDER DUTY TO REGISTER LIFE** IN CAUSE NUMBER **1197286** ON THE **25TH MAY 2010**, IN **432nd DISTRICT COURT OF TARRANT** COUNTY, TEXAS.

*Id.* at 7. Darnell contends that he timely took the proper steps to provide proof of residence and

3

notice of a change of address to Fort Worth officials. He argues the following:

> [t]he policy or custom adopted and enforced by R. Sabo and Bice denied Plaintiff the opportunity to provide the post move notification within 7 days after the pre-move notification had been completed on 9-18-18 and as required by Art. 62.055 Tex. Code Crim. Proc. Thereby, denying due process under the 14th Amendment and due course of law under Art. 1. Sec. 19 Tex. Const.

*Id.* at 2. More specifically, Darnell alleges that he appeared in person at the Fort Worth Police Department on November 14, 2018 and November 15, 2018 to provide the requisite information. But he claims that Detective Sabo instructed him to leave on November 14, and that Detective Bice instructed him to leave on November 15. *Id.* Darnell contends that these actions denied him due process of law under the Fourteenth Amendment and the Texas Constitution. *Id.* Darnell seeks declaratory and injunctive relief against the "enforcement of the illegal policy or custom of the City of Fort Worth Police Department Scram, Detective R. Sabo and Bice." *Id.*

In his second amended complaint, Darnell more specifically alleges that his Fourth Amendment right against arrest and detention without a reliable probable cause determination was violated. Sec. Am. Compl. 7, EF No. 22. Darnell recites particular details, which he alleges Sabo failed to include in the probable cause affidavit. *Id.* at 7-8. Darnell contends that, as a result of the "unreliable" probable cause affidavit, the state magistrate judge found probable cause to arrest him. *Id.* at 8. Thus, Darnell argues that the arrest warrant affidavit and resulting warrant did "not support a finding of probable cause to believe [he] has violated the law, denies [his] right to be secure against unreasonable seizures of persons without probable cause under the Fourth Amendment to the United States Constitution." *Id.* at 9. Darnell once again contends that the repeated rescheduling of appointments for him to provide his address and up-to date reporting amounted to a denial of his federal and state due process rights. *Id.*

For relief in the second amended complaint, Darnell again seeks declaratory and injunctive relief and monetary damages of $375,000 in "punitive, nominal, compensatory, and

4

actual damages" for his false arrest and detention. *Id.* at 10, 13.

## II. MOTION TO DISMISS

### A. Applicable Law

#### 1. Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly* no viable claim is stated and the pleadings are subject to dismissal.

## 2. Review of Records Incorporated by Plaintiff

As noted, all well-pleaded facts are viewed in the light most favorable to the plaintiff. S*ee Bustos*, 599 F.3d at 461. "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-cv-813-P, 1997 WL 786250, at * 2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Darnell provided copies of court records related to his claims. First Am. Compl. 5-19, ECF No. 12; Sec. Am. Compl. 17-20, ECF No. 22. Darnell relied upon these records and incorporated them into his pleadings. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted). Therefore, the records to which Darnell has referred in both his

6

pleadings have been considered by the Court.

### B. ANALYSIS

#### 1. Conviction Status Update

As noted above, the live pleadings in this case were filed in 2020, and the case was stayed pending resolution of Darnell's state criminal charge. But, under the terms of a plea bargain agreement, Darnell ended up pleading guilty to the state charge of failing to register as a sex offender under Texas law, and his direct appeal was dismissed by the court of appeals. *See Darnell v. Texas*, No. 02-21-0076-CR, 2021 WL 5227172, at *1 (Tex. App.– Fort Worth Nov. 10, 2021, pet ref'd). Furthermore, Darnell's petition for discretionary review was denied, and the mandate has issued. *See Darnell v. Texas*, PDR No. 0915-21 (Tex. Crim. App. 2022) (Order January 26, 2022). *See* https://search,txcourts.gov/Case.aspx?cn=PD-0915-21&coa=coscca (last accessed October 31, 2022). As such, Darnell's conviction on his underlying state criminal case is final.

#### 2. *Heck v. Humphrey* Bar to Relief

Defendants' motion to dismiss seeks dismissal on one ground, that Darnell's claims are not addressable under the doctrine announced in *Heck v. Humphrey.* Sec. Mot. 1-5, ECF No. 42. In *Heck*, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). Although the *Heck* opinion involved a bar

to claims for monetary damages, a dismissal of a claim for injunctive relief and for declaratory relief may also be made pursuant to *Heck*. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*). For the reasons set forth below, the Court concludes that Darnell's claims in this action are presently barred from review by the *Heck* doctrine.

Darnell seeks monetary damages and declaratory and injunctive relief against the actions of City of Fort Worth police officer in preparing and supporting a probable cause warrant for his arrest on a charge of failing to register as a sex offender. Darnell's challenge to the actions of the Fort Worth officer defendants, if found favorably by this Court, would implicitly question the validity of his conviction for failing to register as a sex offender. *See Ryals v. Att'y Gen. of Texas*, 608 F. App'x 274, 275 (5th Cir. 2015) ("Ryals challenge to Midland County's enforcement of the Texas Sex Offender Registration Program is an indirect challenge to his convictions for failing to register as a sex offender, and accordingly, the challenge is barred by *Heck*") (citation omitted); *see also Perry v. Abbott*, A-21-cv-266-RP, 2021 WL 1253784, at *2 (W.D. Tex April 5, 2021) ("A ruling in Plaintiffs favor (asserting due process and violations of the Ex Post Facto Clause) would invalidate his conviction for attempted failure to register as a sex offender. Accordingly, the case is barred by *Heck*"); *Vasquez v. Bunin*, CA H-20-2944, 2021 WL 84388, *2 (S.D. Tex. Jan. 11, 2021) (noting that Plaintiff's challenges to his conviction for failure to register as a sex offender are "legally frivolous") (citing *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous

unless the conviction has been reversed, expunged, invalidated, or otherwise called into question")).

Likewise, Darnell's challenge to the alleged failure to provide complete facts in the affidavit in support of the arrest warrant, if successful, would implicate the validity of his conviction. *See Smith v. Davenport*, No. 3:16-cv-85-GHD-DAS, 2017 WL 1750827, at *4 (N.D. Miss. May 3, 2017) ("Smith's allegations that the facts in the affidavit to support the judicial finding of probable cause are false would, if found true by this Court, undermine Smith;'s guilty plea based on those facts. Therefore, *Heck* bars this claim") (citation omitted). So, Darnell's challenges to the lack of probable cause to arrest him, and violations of due process of law, if proven, would imply the invalidity of his conviction. *See Goldstein v. City of Monroe*, 621 F. App'x 274, 278 (5th Cir. 2015) (concluding that claim that arrest warrant lacked probable cause is in essence a collateral attack on the conviction) (citing *Wells*, 45 F.3d at 95); *Legate v. Garcia*, 582 F. App'x 287, 288 (5th Cir. 2014) ("[A]ny claim that Legate was wrongly convicted based on due-process violations at trial would necessarily imply that his conviction is invalid") (citation omitted).

Furthermore, the *Heck* doctrine also applies to bar state law claims that would undermine a conviction. *See Nelson v. Nordyke*, No. 3:07-cv-1007-M, 2009 WL 648889, at * 4 (N.D. Tex. Mar. 10, 2009) (Defendant's motion for summary judgment should be granted "with respect to Plaintiff's civil rights claims of false arrest and false detention and the corresponding pendant state law claims because those claims are *Heck*-barred, as well, and they should be dismissed until [the] *Heck* conditions are met"); *see also Elphage v. Gauteaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) ("As a successful ruling on [Plaintiff's] state law claims for false arrest and imprisonment would undermine her conviction for resisting an officer (La. R. S. § 14:108), her

9

claims are barred by *Heck*").

Moreover, the Court notes that Darnell has listed each of the officer defendants in both an individual and official capacity. First Am. Compl. 1, ECF No. 12; Sec. Am. Compl. 7, ECF No. 22. The Supreme Court's holding in *Heck*, however, applies to bar claims against defendants in both their individual and official capacities. *See Shaw v. Tex.*, No. A-20-cv-561-RP, 2020 WL 5366289, at *3 (W.D. Tex. Sept. 8, 2020) ("Insofar as Plaintiff seeks monetary damages against Defendants in their individual capacities for his alleged illegal conviction, Plaintiff's claims are barred by *Heck v. Humphrey*[.]"); *and see Ward v. Texas*, No. 3:16-cv-3307-N-BH, 2019 WL 1433601, *4 (N.D. Tex. Feb. 27, 2019) (holding that all Plaintiff's remaining claims challenging the validity of a state court conviction, "including any claims for declaratory and injunctive relief against them in their official capacities, are not cognizable at this time"), *rep. and rec. adopted*, 2019 WL 1426216 (Mar. 29, 2019); *see also Pellegrin v. Seal*, No. 15-6335, 2016 WL 6892809, at *4 (E.D. La. Nov. 7, 2016 ) ("to the extent [Plaintiff] seeks prospective injunctive relief against them in their official capacities, [such claims] are barred from review pursuant to *Heck*, and must be dismissed with prejudice until such time as the Heck conditions are met"), *rep. and rec. adopted*, 2016 WL 6876644 (E.D. La. Nov. 22, 2016); *and see Kirby v. Dall. Cnty. Adult Prob. Dep't*, No. CIV 04-844 DJS/ACT, 2008 WL 11413481, at *3 (D.N.M. Sept. 30, 2008) ("As Plaintiff's claims for injunctive relief fail in the face of the bar imposed by *Heck, supra*, all claims against individual Defendants in their official capacities must be dismissed"). Thus, the Court finds that *Heck* also bars Darnell from obtaining relief from the defendants in an official capacity.

In sum, Darnell has failed to establish that he has met the requirements set forth by the Supreme Court in *Heck*. Darnell remains in custody and he has not shown that his challenged

imprisonment has been invalidated by a state or federal court. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995). As a result, all of Darnell's claims in this case are not cognizable at this time and must be dismissed.

### III. MOTION TO AMEND

Also pending is Darnell's motion for leave to file a third amended complaint. Mot. 1-26, ECF No. 43. Ordinarily, a pro se plaintiff should be granted leave to amend his complaint prior to dismissal. But, because Darnell cannot overcome the *Heck* bar, this court need not allow him to file an amended complaint. *See Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010) ("Norwood could not have overcome the *Heck* bar with an amended complaint; the district court need not have allowed him an opportunity to amend"); *see also Malone v. Johnson*, No. 3:15-cv-3717-L-BK, 2016 WL 3189829, at *3 (N.D. Tex. Apr. 25, 2016), *rep. and rec. adopted*, 2016 WL 3166605 (N.D. Tex. June 7, 2016) (finding that amendment should not be allowed because "Plaintiff's claims are fatally infirm" and "granting leave to amend would be futile and cause needless delay" because plaintiff could not establish the *Heck* conditions had been met). As noted above, a claim that falls under the rule announced in *Heck* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *See Hamilton*, 74 F.3d at 102. Because Darnell cannot establish that his conviction for failure to register as a sex offender has been reversed, expunged, invalidated, or otherwise called into question, his claims are legally frivolous, and he will not be granted leave to further amend his complaint prior to dismissal.

## IV. CONCLUSION AND ORDER

For all of the above and foregoing reasons, it is **ORDERED** that Defendants' second motion to dismiss for failure to state a claim under Rule 12(b)(6) (ECF No. 42) is **GRANTED**, and all of Plaintiff Eligah Darnell Jr's claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met. *See Johnson v. McElveen*, 101 F. 3d 423, 424 (5th Cir. 1996).

It is further **ORDERED** that Plaintiff's motion for leave to file a third amended complaint (ECF No. 43) is **DENIED**.

It is further **ORDERED** that all remaining motions (ECF Nos. 44, 45, 46, and 48) are dismissed as **MOOT.**

**SO ORDERED** on this **1st day** of **November, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE